IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10215
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRY DEWAYNE JACKSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:00-CR-176-5-Y)
--------------------
November 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Terry Dewayne Jackson appeals the 48-month
sentence imposed by the district court following entry of his
guilty plea to a charge of conspiracy to possess with intent to
distribute more than 500 grams of a mixture containing
methamphetamine.  Jackson contends that the district court clearly
erred by (1) increasing his offense level pursuant to U.S.S.G. §
2D1.1(b)based on his codefendants' possession of firearms and (2)
refusing to reduce his offense level pursuant to U.S.S.G. § 3B1.2
for a minor role in the offense.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review for clear error the district court's decision to apply a U.S.S.G. § 2D1.1(b)(1) increase and its finding that possession of a firearm by a co-conspirator was foreseeable. United States v. Chavez, 119 F.3d 342, 348 (5th Cir. 1997). We also review for clear error a district court's finding in connection with a defendant's role in the offense. Burton v. United States, 237 F.3d 490, 504 (5th Cir. 2000).

The government established that Jackson's co-defendants knowingly possessed firearms at the time when they and Jackson engaged in a conspiracy to possess with intent to distribute methamphetamine. See United States v. Thomas, 120 F.3d 564, 567, 574 (5th Cir. 1997). Accordingly, the district court's finding that the possession of firearms was reasonably foreseeable to Jackson is not clearly erroneous. See id.

Jackson did not establish that his role of acquiring and delivering approximately 1,000 gallons of anhydrous ammonia for use in the manufacture of methamphetamine was minor, entitling him to a reduction under U.S.S.G. § 3B1.2. See Burton, 237 F.3d at 504. Accordingly, the district court's sentencing of Jackson is AFFIRMED.